

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN ELIZABETH MONTIEL-CABRERA; CAROLINE NICOLE CRUZ-MONTIEL, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | Nos. 17-72322 <br>       18-72474 <br><br> Agency Nos.   A208-155-169 <br>                 A208-155-170 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2020**

Before: GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Petitioners Karen Elizabeth Montiel-Cabrera and her minor daughter seek

review of the Board of Immigration Appeals' order affirming the immigration

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judge's decision denying asylum, withholding of removal, and relief under the Convention Against Torture. Reviewing for substantial evidence, *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014), we deny the petition for review. Petitioners also seek review of the BIA's denial of their subsequent motion to reopen their proceedings, and we deny that petition as well.

1. The IJ had jurisdiction. *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019).

2. Substantial evidence supports the adverse credibility finding. The inconsistencies in Montiel-Cabrera's testimony were significant. For example, she testified that she was attacked on a particular date and fled thereafter to her aunt's house to escape, but her aunt stated that Montiel-Cabrera stayed with her for a month <u>before</u> the date of the alleged attack. Other inconsistencies concerned the city in which the aunt lived. The IJ was not required to accept Montiel-Cabrera's explanations for the inconsistencies. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). In light of the adverse credibility determination, substantial evidence supports the resulting denial of asylum and withholding of removal.

3. With respect to the CAT claim, Montiel-Cabrera did not offer evidence independent of her testimony. Accordingly, because the CAT claim rested on the

same testimony that the IJ permissibly found not credible, substantial evidence also supports the denial of CAT relief.

4. The record does not reveal bias on the part of the IJ or any other due process violation.

5. We also deny the petition for review of the BIA's denial of the motion to reopen proceedings. We review for abuse of discretion. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). The BIA did not err in finding the motion was time-barred, as it was submitted nearly seven months after the BIA's original order. Although the 90-day time bar prescribed by 8 C.F.R. § 1003.2(c)(2) may be subject to equitable tolling "because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error," *Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003), the BIA held that tolling was unwarranted. The ineffective assistance of counsel claimed in the motion to reopen repeated the arguments that petitioners' prior attorney had previously made and that the BIA had dismissed, almost seven months before. The BIA did not abuse its discretion in holding that no deception, fraud, or error prevented the petitioners from filing their motion to reopen within the time required by 8 C.F.R. § 1003.2(c)(2).

**PETITIONS FOR REVIEW DENIED**.